JAMES M. MILLER, Appellant, *v.* MICHAEL K. BURKE, Respondent.

Where it is sought to control the ordinary meaning of the words used in a contract by proof of a usage of a particular trade or profession giving to them when used in such a contract a technical meaning, the evidence must show a usage uniform, continuous and well settled; so that it can be inferred that the parties knew it, and contracted with reference thereto.

(Argued January 17, 1877 ; decided January 30, 1877.)

THIS action was brought by plaintiff, as auctioneer, to recover his fees for the sale of various lots of land in the city of New York bid off by defendant.

The sale was under a decree in partition of a tract of land divided into lots. By the terms of sale the purchaser was required to pay the auctioneer's fees, " $25 for each parcel sold." Upon the sale some of the lots were put up and sold separately. A number of other lots were put up and sold together, and were bid off by defendant for a gross sum. Plaintiff claimed a fee of twenty-five dollars for each one of

the lots so sold. *Held*, that the word " parcel " meant the piece or quantity of land put up and sold in a body for one price and at one time.

Upon the trial plaintiff gave evidence tending to show a usage among auctioneers, that the word " parcel," in such case, meant each of the lots into which the tract of land sold had been divided. Defendant testified that he did not know of such a usage, and the evidence failed to show an established usage known and recognized by auctioneers generally,. and those dealing with them. *Held*, that the evidence was insufficient to control the words of the contract of sale ; that in order to give evidence of a usage any force to control the ordinary meaning of the language, and it must show a usage uniform, continued and well settled, so that it can be inferred that both parties knew it, and contracted in reference to it (*Walls* v. *Bailey*, 49 N. Y., 464), and that plaintiff was entitled to but one fee for the lots sold together in one parcel.

*Charles A. Jackson* for the appellant.

*Wm. H. Newman* for the respondent.

EARL, J., reads for affirmance of order of General Term, and for judgment absolute for defendant on stipulation.

All concur.

Order affirmed and judgment accordingly.