### RANSOM *et al.* v. MASTEN.

*(Supreme Court, General Term, Third Department.* March 16, 1889.)

1. CUSTOM AND USAGE—EFFECT.

   A custom among dealers in lamp-black to deal in packages weighing only a half pound as a pound will not bind a consumer buying of a trader by the pound, unless it appears that the former dealt with reference to that custom.

2. ASSUMPSIT—RECOVERY OF OVERPAYMENT.

   An overpayment made in ignorance of the basis on which an account was improperly made can be recovered back.

3. SALES—RIGHTS OF BUYER—CAVEAT EMPTOR.

   One buying goods by the quantity has a right to rely on the accuracy of the vendor's bills as to the quantity delivered, and the rule *caveat emptor* does not apply to such a case.

Appeal from Albany county court.

Suit by E. D. Ransom *et al.* against Willard E. Masten. Appeal by defendant from the judgment of the Albany county court entered upon the verdict of a jury after trial upon appeal from a judgment of the city court of Albany. The action was to recover overcharges made by the defendant and paid by the plaintiffs for lamp-black sold from time to time by the defendant to the plaintiffs. The lamp-black was in half-pound packages. The plaintiffs alleged they bought by the pound, actual weight. The defendant claimed they bought by the package, actual count. The defendant rendered bills in which he charged the number of packages; but instead of writing "package" used a character consisting of two upright marks and one cross-mark, something like a capital "H," which character is often used for "pounds," and the plaintiffs so understood it. When the plaintiffs discovered the manner in which they had been charged, they demanded credit for or payment of the overcharge, which defendant refused.

Argued before LANDON and INGALLS, JJ.

*J. F. Montignani* and *W. W. Thompson,* for appellant. *Arthur L. Andrews,* for respondents.

LANDON, J. Whether the defendant agreed to furnish the plaintiffs with lamp-black at five cents a pound in packages, or at five cents a package, was by the verdict of jury settled upon conflicting evidence at five cents a pound, and not five cents a package. There was evidence on the part of the defendant tending to show that the packages in question, though weighing only half a pound each, were known to the trade as pounds, and usually dealt in as pounds. The plaintiffs were consumers of lamp-black in making stove polish, stove putty, and other mixtures. They did not otherwise deal in the article.

Aside from their purchase of the defendants their purchases of the article had been in bulk by actual weight. The custom for which the defendant contends is one that permits him to sell half a pound as the equivalent of a pound. Such a custom may be well known among traders, but it is one which apparently benefits the trader at the expense of the consumer, and manifestly would not be tolerated by the latter unless attended by advantages which would be compensatory of his actual loss in quantity. To bind the latter by such a custom it ought to appear that he dealt with reference to it. *Boardman* v. *Gaillard*, 1 Hun, 217; *Walls* v. *Bailey*, 49 N. Y. 464; *Miller* v. *Burke*, 68 N. Y. 615. The jury were authorized, upon the evidence, to find that the plaintiffs did not know the custom; did not deal with reference to it; paid the defendant's bills in ignorance that they were made out on that basis, and hence paid the defendant's overcharge in ignorance of the facts upon which it was made. It was therefore an overpayment by mistake on the part of the plain-tiffs of an overcharge by the defendant, which he had no right to make in the absence of the consent of the plaintiffs, and hence has no right to retain the amount of the overpayment. The plaintiffs had a right to rely upon the correctness of the defendant's bills. The rule of *caveat emptor* does not apply to accuracy in quantity. We do not think that any negligence can be imputed to the plaintiffs in not sooner discovering the methods employed by the defendant. The bills rendered by him contained a character which the plaintiffs would read "pounds," unless advised that it designated packages. It may be that the result is that the defendant sells his lamp-black at a loss, but it is a loss which he has brought upon himself by the use of packages deceptive in quantity, and by the use of a character in his bills rendered, equivocal in significance, both of which seem devised to benefit the vendor at the expense of the consumer. These views dispose of all the grounds of error alleged by the defendant. The judgment should be affirmed, with costs.